UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL MONTENEGRO FLORES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>J. CASTELLO,<br><br>　　　　　Respondent. | No. 1:18-cv-00874-SKO HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION AS UNTIMELY**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

**Screening Order**

Petitioner, Juan Manuel Montenegro Flores, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends his sentence is illegal.

**I.　Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

1

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

The Ninth Circuit has held that a district court may *sua sponte* dismiss a petition for writ of habeas corpus on the ground that it is untimely, so long as the court provides the petitioner with adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**II.    Procedural Background**

On September 11, 2007, Petitioner pled no contest to felony assault. The judgment was affirmed by the California Court of Appeal for the Fifth Appellate District on March 16, 2009. Petitioner filed a second appeal with the Court of Appeal on May 7, 2010, which was denied on July 6, 2011.

On May 1, 2017, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court, which was denied on June 9, 2017. On June 13, 2017, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District, which was denied on August 3, 2017. On December 26, 2017, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which was denied on March 14, 2018.

**III.    Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is tolled during the time that a "properly filed" application for review is in state court. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")

### IV. Petitioner's Petition Is Untimely

Here, direct review in the State of California ended on April 25, 2009, when the forty-day period for filing an appeal in the California Supreme Court expired. The federal statutory limitations period began on July 24, 2009, following the expiration of the 90-day period to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, the one-year statutory limitations period expired on April 26, 2010. Petitioner filed his petition for writ of habeas corpus with this court on June 26, 2018; consequently, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely.

The limitations period is not tolled from the time the state court issues a final decision on direct appeal to the time the first state collateral challenge is filed, because there is no case "pending" in state court during this interval. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006)).

3

Based on the pending petition, as well as the California court's information, Petitioner did not file his first state post-conviction collateral action until July 13, 2017—long after the limitations period expired on April 26, 2010. Because Petitioner's limitations period expired before he filed his petition with the Supreme Court, his filing in the Supreme Court does not extend his limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does permit the reinitiation of the limitations period that has ended before the state petition was filed."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Consequently, Petitioner's petition is untimely and the Court recommends the petition be dismissed.

## V. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a

constitutional right.

>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that the petition is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

## VI. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's

5

order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: __**July 20, 2018**__            /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE